UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FRANCESCO MANASSE, individually,

    Plaintiff,

v.

MIDLAND FUNDING LLC,                     **JURY DEMAND**
a foreign limited liability company, and
MIDLAND CREDIT MANAGEMENT, INC.,
a foreign corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff FRANCESCO MANASSE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA"), against Defendants MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*, as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and

because Defendants conduct business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendants within this District.

**PARTIES**

5. Plaintiff FRANCESCO MANASSE is a natural person and a resident of the State of Florida, residing in St. Lucie County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Midland Credit Management") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection on behalf of Defendant MIDLAND FUNDING LLC and operates from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108; Plaintiff further alleges that Midland Credit Management is a citizen of both the State of California and the State of Kansas.

7. Defendant MIDLAND FUNDING LLC ("Midland Funding") is a debt buyer that purchases charged-off debts from creditors and pursues these debts from consumers in conjunction with Defendant Midland Credit Management. Defendant Midland Funding also operates from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108; Plaintiff further alleges that Midland Funding is a citizen of both the State of California and the State of Delaware.

8. Defendants Midland Funding and Midland Credit Management both regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

9. Defendants regularly collect or attempt to collect consumer debts for other persons.

10. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

11. In 2002, the Plaintiff obtained a consumer credit card from HSCB Bank. Plaintiff obtained and used this credit card for primarily personal, household, or family purposes.

12. The Plaintiff subsequently incurred a consumer debt on the aforementioned credit card.

13. Some time thereafter, the debt allegedly owed on this account was sold by HSCB Bank to Defendant Midland Funding.

14. Shortly thereafter, the Plaintiff began receiving automated telephone calls on his cellular telephone from the Defendants.

15. Upon answering any of these calls, the Plaintiff was greeted by either: (a) a machine-operated voice advising her that the call was regarding a "personal business matter," and asking the recipient to return the call by dialing a toll-free number, or (b) a noticeable delay while the caller's telephone system attempted to connect the Plaintiff to a live operator.

16. When the Plaintiff answered any of these calls and was connected to a live operator, the operator advised that he or she was calling on behalf of Midland Funding, LLC or Midland Credit Management, Inc. to collect a balance owing on the Plaintiff's old HSBC Bank Credit Card.

17. Further, upon returning any of the phone calls by calling the toll-free number provided by the machine-operated voice, the Plaintiff was greeted by a recording advising that he had called Midland Credit Management, Inc.

18. Defendants' method of contacting Plaintiff is indicative of their ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008</u>, 23 F.C.C.R. 559, 565-66 (2008), <u>In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 18 F.C.C.R. 14014, 14091-92 (2003).

19. Since the assignment of the HSBC Bank consumer debt to Midland Funding, Defendants have called the Plaintiff's cellular telephone dozens of times in their efforts to collect the alleged balance.

20. Plaintiff avers that in spite of numerous requests to stop Defendants' constant barrage of telephone calls, Defendants persist on calling Plaintiff's cellular telephone.

21. In sum, Defendants made numerous telephone calls to Plaintiff's cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates paragraphs 1 through 21 herein.

23. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff FRANCESCO MANASSE requests that the Court enter judgment in favor of Plaintiff and against Defendants MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. for:

4

    a.    $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24.    Plaintiff incorporates paragraphs 1 through 21 herein.

25.    Defendants violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff FRANCESCO MANASSE requests that the Court enter judgment in favor of Plaintiff and against Defendants MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. for:

    a.  actual damages;

    b.  statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.    such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.    Plaintiff incorporates paragraphs 1 through 21 herein.

27.    Pursuant to Florida law, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff FRANCESCO MANASSE requests that the Court enter judgment in favor of Plaintiff and against Defendants MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    a permanent injunction prohibiting Defendant calling Plaintiff regarding the alleged debt;

    d.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    e.    such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 14th day of February, 2013.

                                          BRET L. LUSSKIN, Esq.
                                          *Attorney for Plaintiff*

        1001 N. Federal Hwy., Ste 106
        Hallandale Beach, Florida 33009
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

By: <u>/S/ Bret L. Lusskin, Esq.</u>
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069